# SUPREME COURT OF TENNESSEE

### FOR THE

### EASTERN DIVISION.

---

### KNOXVILLE, SEPTEMBER TERM, 1912.

---

*(Continued from Vol. 126.)*

---

CAMPBELL COUNTY *v.* W. H. WRIGHT.

*(Knoxville.* September Term, 1912.)

1. **COURT OF CIVIL APPEALS. Has no jurisdiction of cases involving constitutional questions, whether appealed from circuit or chancery court.**

 The court of civil appeals has no jurisdiction of cases involving constitutional questions, whether the cases be appealed from the circuit or chancery courts. (*Post, P.* 6.)

 Acts cited and construed: Acts 1907, ch. 82, sec. 7; Acts 1911, ch. 419.

 Case cited and approved: Railroad v. Byrne, 119 Tenn., 278, 325-329.

**2. SAME. Same. Has no jurisdiction of cases involving constitutional questions except to transfer them to supreme court.**

Where a case involves a constitutional question, the court of civil appeals has no jurisdiction, except to transfer the case to the supreme court; and this course should be taken by that court whenever it appears in any case in that court that any question involving the constitutionality of a legislative act is *bona fide* made and relied on therein. (*Post, p.* 6.)

Acts cited and construed: Acts 1907, ch. 82, sec. 7; Acts 1909, ch. 192.

**3. SUPREME COURT. Has jurisdiction, by certiorari, of case involving a constitutional question appealed to court of civil appeals and decided by it instead of transferring case to supreme court.**

Where the court of civil appeals erroneously assumed jurisdiction of an appealed case involving a constitutional question, and determined the case, instead of ordering it to be transferred to the supreme court, as required by statute in such cases, its error in failing to enter the order of transfer gives the supreme court jurisdiction, upon *certiorari*, to review the case as upon appeal to that court. (*Post, pp.* 6, 7.)

Acts cited and construed: Acts 1909, ch. 192.

### FROM CAMPBELL.

Appeal from the Circuit Court of Campbell County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.— G. Mc. HENDERSON, Circuit Judge.

JOHN JENNINGS, JR., for Campbell County.

OWENS & TAYLOR, for Wright.

PER CURIAM.

This action was originally brought before a justice of the peace of Campbell county to recover for services performed by the defendant in error as registrar of the La Follette precinct of the first district of Campbell county. The service was alleged to have been rendered prior to the August election in 1910. Judgment was recovered before the justice of the peace, and from this an appeal was prayed to the circuit court of the county, where the judgment was affirmed to the amount of $16.50 and the costs of the suit. From this judgment the county prayed an appeal to the court of civil appeals, where the judgment of the circuit court was reversed, and the suit dismissed. The case was then brought to this court by the writ of *certiorari*.

It was stated in the opinion of the court of civil appeals that no question was made in that court about the value of the services, but that the only question was as to the constitutionality of chapter 419 of the Acts of 1911. It was said in that opinion that the act referred to was held unconstitutional in the circuit court, and therefore the defendant in error was permitted to recover there. The court of civil appeals, on the contrary, held the act constitutional, and for that reason denied the defendant in error any recovery. So it appears that the only matter for consideration in the court of civil appeals, and the only thing that was examined and determined, was the question of the constitutionality of the act of the legislature referred to.

We are of the opinion that in undertaking to dispose

of the constitutional question that court acted beyond its powers. Chapter 82, Acts of 1907, which created that court, declares in section 7: "That the jurisdiction of said court of civil appeals shall be appellate only, and shall extend to all cases brought up from courts of equity or chancery courts, except cases in which the amount involved, exclusive of costs, exceeds one thousand dollars, and except cases involving the constitutionality of the statutes of Tennessee, contested elections for office, State revenue, and ejectment suits, and to all civil cases tried in the circuit and common-law courts of the State, in which appeals in the nature of writs of error, or writs of error may be applied for the purpose of having the action of said trial court reviewed. In all cases in which appellate jurisdiction is herein conferred upon said court of civil appeals, the appeals and appeals in the nature of writs of error from the lower court shall be taken directly to said court of civil appeals; and said court, or any judge thereof, is hereby given the same power to award and issue writs of error," and writs of *"certiorari* and *supersedeas,* which the supreme court has heretofore had in such cases, returnable to said court of civil appeals. The practice in such cases in said court shall be the same as is now prescribed by law for the supreme court. In all cases in which appellate jurisdiction is not conferred by the terms of this act upon said court of civil appeals, appeals therefrom shall be direct to the supreme court, and in such cases, writs of error, *certiorari,* and *supersedeas* shall be issued by and made re-

turnable to the supreme court, as is now provided by law; and in such cases the supreme court shall have exclusive jurisdiction, and shall try and finally determine the same, and shall not, after this act takes effect, assign the same for trial by the said court of civil appeals."

By chapter 192 of the Acts of 1909 it was provided that in all appeals taken from either the chancery, circuit, or county courts of this State to the supreme court, or to the court of civil appeals, if the court to which any such case should be appealed should be of opinion that the jurisdiction to try and determine the same was not in said court, but in the other appellate court, it should be the duty of said court, if it should be the court of civil appeals, to transfer the cause to the supreme court for trial, and that the supreme court should cause any such case so transferred to it to be entered upon its trial docket, and try and dispose of the same as though the appeal had been directed to the supreme court; and in like manner, if the supreme court should be of opinion that the jurisdiction to try and determine any such case appealed to it was with the court of civil appeals, it should be the duty of the supreme court to transfer any such case to the court of civil appeals for trial, which latter court should cause any such case to be entered upon its docket, and try and dispose of the same, as though the case had been appealed directly to that court, and that no writ of error or other process should be necessary to give the court to which any such cause had been transferred

jurisdiction either of the parties or of the subject-matter of the litigation.

Under section 7 of chapter 82 of the Acts of 1907, supra, it is clear that the jurisdiction of constitutional questions is withheld from the court of civil appeals. It is true that this particular subject is not repeated in the sentence of that section which confers jurisdiction upon the court of civil appeals of cases coming from the circuit courts of the State; but there could have been no reason why that court was denied jurisdiction of this class of subjects in cases coming from the chancery court, if it was to exercise such jurisdiction in cases appealed to it from the circuit court. We are of the opinion that, under a true construction of section 7, it was intended by the legislature to withhold entirely from the court of civil appeals jurisdiction of constitutional questions. *Railroad* v. *Byrne,* 119 Tenn., 278, 325-329, 104 S. W., 460.

In the present case, there is no question, as we have stated, except the constitutional question, and the court of civil appeals had no jurisdiction except to transfer the case to this court, under the act of 1909 above reproduced. We think, also, the better opinion is that this course should be taken by the court of civil appeals whenever it appears in any case in that court that any question involving the constitutionality of an act of the legislature is *bona fide* made and relied on therein.

The question now to be determined is whether the present case is properly before us, although no order of transfer was made. We are of the opinion that it

is, because of the error of the court of civil appeals in failing to enter an order making the transfer required by the act of 1909; that is, its error in failing to enter the proper judgment to get the case off its docket.