W. S. Milne *v.* J. T. Blair *et al.*

(*Knoxville.*   September Term, 1916.)

1. **COURTS.   Court of civil appeals.   Jurisdiction.   "Case involving State revenue."   Statute.**

Under Acts 1907, chapter 82, expressly excluding from the jurisdiction of the court of civil appeals cases involving State revenue, a suit to enjoin a county trustee from collecting taxes levied and assessed against plaintiff involved the State revenue, so that the court of civil appeals had no jurisdiction, since it is not necessary, to involve State revenue, that the suit be brought by the State's representative for a money decree. (*Post, pp.*, 326, 327.)

Acts cited and construed:  Acts 1907, ch. 82.

Case cited and approved:  Campbell County v. Wright, 127 Tenn., 1.

2. **CERTIORARI.   Jurisdiction of supreme court.   Error by court of appeals.   Statute.**

Error on the part of the court of civil appeals, in not transferring to the supreme court a cause of which it had no jurisdiction, in accordance with Acts 1909, chapter 192, renders it proper for the supreme court to determine the case on petition for *certiorari.*   (*Post, pp.* 326, 327.)

FROM BRADLEY.

Appeal from the Chancery Court of Bradley County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Foss H. Mercer, Chancellor.

MAYFIELD & MAYFIELD, for plaintiff.

JONES & DAVIS, W. L. HUMPHREY and TRAYNOR & SMITH, for defendants.

MR. M. G. EVANS, Special Judge, delivered the opinion of the Court.

This was a bill filed by W. S. Milne to enjoin the county trustee from collecting certain taxes levied and assessed against him. The chancellor dismissed the bill, and an appeal was prayed and perfected to the court of civil appeals. In that court the question was raised on behalf on the county trustee, that this case was one involving State revenue, and that under chapter 82 of the Acts of 1907, the court of civil appeals was without jurisdiction to try the case on account of the subject-matter involved. That court held, however, that it had jurisdiction and affirmed the decree of the chancellor; and a petition for *certiorari* has been filed in this court.

We think the conclusions reached by the learned court of civil appeals as to the merits of the case were correct; but we think that court was in error in holding that it had jurisdiction to hear and determine the case. Under the act above mentioned cases involving State revenue are expressly excluded from the jurisdiction of the court of civil appeals. In order for State revenue to be involved it is not necessary that the suit be brought by the State's representative for a money decree for such revenue.

Milne v. Blair.

A bill filed by the other party, the citizen, to enjoin the collection of such revenue, may equally well involve the question as to whether the State shall or shall not collect the particular taxes or revenue in dispute. We think this case was clearly one involving State revenue, and that it was error on the part of the learned court of civil appeals in not transferring the cause to this court for trial in accordance with chapter 192 of the Acts of 1909. This error on the part of that court in failing to enter the proper order renders it the duty of this court to determine the case on petition for *certioari*. *Campbell County* v. *Wright*, 127 Tenn., 1, 151 S. W., 411.

We therefore hold there was no error in the decree of the chancellor, and the same will be affirmed, at the cost of complainant Milne.